IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 2:21-CV-14241-CANNON/MAYNARD

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

                Plaintiff,

v.

CVENT, INC. d/b/a THE WEDDING SPOT,

                Defendant.
_____/

**DEFENDANT'S, CVENT, INC. D/B/A THE WEDDING SPOT,
ANSWER AND AFFIRMATIVE DEFENSES AND JURY DEMAND**

      Defendant, CVENT, INC, d/b/a WEDDING SPOT, by and through its undersigned counsel, files this, its Answer and Affirmative Defenses and states as follows:

      1.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and on that basis denies the allegations contained therein.

      2.    Defendant denies the allegations contained in paragraph 2 of the Complaint as phrased, except that it admits that it is a Delaware Corporation with its principal place of business located at 1765 Greensboro Station Place, 7th Floor, Tysons Corner, VA 22102 and that it is also registered to do business in the State of Florida as a foreign entity and registered Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301 as its registered agent within the State of Florida.

      3.    Defendant states that the allegations contained in paragraph 3 of the Complaint set forth legal conclusions to which no response is required, and Defendant refers all questions of law

to this Honorable Court.  To extent a response is deemed required, Defendants denies the allegations contained in paragraph 3 of the Complaint, except to admit that this Court has federal question subject matter jurisdiction over Plaintiff's claims pursuant to the Copyright Act.

4. Defendant states that the allegations contained in paragraph 4 of the Complaint set forth legal conclusions to which no response is required, and Defendant refers all questions of law to this Honorable Court.  To extent a response is deemed required, Defendants denies the allegations contained in paragraph 4 of the Complaint, except to admit that Defendant maintains a registered agent in Florida, conducts business in Florida, and markets/advertises to consumers in Florida.  All other statements in paragraph 4 are expressly denied.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and on that basis denies the allegations contained therein.

## FACTS

### I. Plaintiff's Business and History

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and on that basis denies the allegations contained therein.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and on that basis denies the allegations contained therein.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and on that basis denies the allegations contained therein.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and on that basis denies the allegations contained therein.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and on that basis denies the allegations contained therein.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and on that basis denies the allegations contained therein.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and on that basis denies the allegations contained therein.

**II.  The Work at Issue in this Lawsuit**

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and on that basis denies the allegations contained therein.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and on that basis denies the allegations contained therein.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and on that basis denies the allegations contained therein.

**III.  Defendant's Unlawful Activities**

16. Defendant denies the allegations contained in paragraph 14 of the Complaint.

17. Defendant admits that CVENT acquired The Wedding Spot in 2019. The remaining allegations in paragraph 17 are expressly denied, and to the extent that they are presumed are an improper form of pleading and should be stricken. In addition, CVENT has not made any direct commercial benefit from the third-party venue that uploaded the Work, since the third-party venue is a free customer that does not pay for its membership.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and on that basis denies the allegations contained therein. In addition to the denial, Defendant affirmatively states that it did not publish the Work to the Wedding Spot website, a fact it has already provided to Plaintiff.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint. In addition to the denial, Defendant affirmatively states that it did not publish the Work to The Wedding Spot website, a fact it has already provided to Plaintiff.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint. In addition to the denial, Defendant affirmatively states that it did not publish the Work to The Wedding Spot website, a fact it has already provided to Plaintiff.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint. In addition to the denial, Defendant affirmatively states that it did not publish the Work to The Wedding Spot website, a fact it has already provided to Plaintiff.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint. In addition to the denial, Defendant affirmatively states that it did not publish the Work to The Wedding Spot website, a fact it has already provided to Plaintiff.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and on that basis denies the

allegations contained therein.  In addition, once Defendant was notified, it removed the Work from the Wedding Spot website and provided additional publishing information to Plaintiff.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies that all conditions precedent have been performed or waived, and strict proof is demanded that such conditions precedent have been performed or waived. Specifically, CVENT demands proof that Plaintiff properly and timely registered its copyright for the Work and complied with the DMCA takedown procedure as outlines in Wedding Spot's Terms of Service.

## COUNT I – COPYRIGHT INFRINGEMENT

28. Defendant denies the allegations contained paragraph 28 of the Complaint, and repeats and incorporates the answers and allegations set forth at paragraphs 1 through 27 above as if fully set forth herein.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

**COUNT II – REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION**

40. Defendant denies the allegations contained paragraph 40 of the Complaint, and repeats and incorporates the answers and allegations set forth at paragraphs 1 through 27 above as if fully set forth herein.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

WHEREFORE, Defendant Demands judgment against the Plaintiff and for attorneys' fees and costs and all other damages which this Court deems just an equitable.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense
### **Defendant Complied with DMCA Safe Harbor**

1. Defendant, CVENT, has complied with and is entitled to the DMCA Safe Harbor found under the provisions of 17 U.S.C. § 512(c).

2. To prove that a service provider is entitled to the DMCA Safe Harbor under 17 U.S.C. § 512(c), a service provider has to prove that it:

> (A)(i) does not have actual knowledge that the material or and activity using a material on the system or network is infringing;
>
> (ii) in the absence of such actual knowledge, is not aware of facts of circumstances from which infringing activity is apparent; or
>
> (iii) upon obtaining such knowledge or awareness, acts expeditiously to remove, or disable access to, the material;
>
> (B) does not receive a financial benefit directly attributable to the infringing activity, in a case in which the service provider has the right and ability to control such activity; and
>
> (C) upon notification, of claimed infringement as described in paragraph (3), responds expeditiously to remove, or disable, access to, the material that is claimed to be infringing or to be subject to infringing activity.

3. In addition, § 512 sets forth procedures for notification that requires service providers to allow for a procedure commonly known as a "takedown notice," inform uses of and implement a "repeat infringer policy," and designate an agent for receipt of copyright claims both on the service provider's website and in the U.S. Copyright Office.

4. First, CVENT, qualifies as a "Service Provider" as defined in 17 U.S.C. 512 (k)(1)(A) as "an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received."

5. Wedding Spot's website allows venues to join and post their own content to the site, which content is not uploaded and/or published by CVENT. Therefore, the user chooses, without modification, the information it determines is relevant for its venue, including but not limited to the photos of the venue.

6. Next, Wedding Spot's website has at all times relevant to this Complaint included Terms of Service with a Repeat Infringer Policy that states:

> 4.6 Repeat Infringer Policy: In accordance with the DMCA and other applicable law, Wedding Spot has adopted a policy of terminating, in appropriate circumstances and at Wedding Spot's sole discretion, users who are deemed to be repeat infringers. Wedding Spot may also at its sole discretion limit access to the Service and/or terminate the memberships of any users who infringe any intellectual property rights of others, whether or not there is any repeat infringement.[1]

7. Furthermore, Wedding Spot's website has at all times relevant to this Complaint included Terms of Service with a formal "takedown notice" procedure, which complies with all the requirements necessary under the DMCA, including a designated agent. The procedure is as follows:

> 4.4 Copyright Complaints: Wedding Spot respects the intellectual property of others, and we ask our users to do the same. If you believe that your work has been copied in a way that constitutes copyright infringement, or that your intellectual property rights have been otherwise violated, you should notify Wedding Spot of your infringement claim in accordance with the procedure set forth below.
>
> Wedding Spot will process and investigate notices of alleged infringement and will take appropriate actions under the Digital Millennium Copyright Act ("DMCA") and other applicable intellectual property laws with respect to any alleged or actual infringement. A notification of claimed copyright infringement should be sent to the contact below:
>
> Cvent, Inc.
> ATTN: General Counsel
> 1765 Greensboro Station Place, Suite 700

---

[1] See Section 4.6 Repeat Infringer Policy which can be found at https://www.wedding-spot.com/terms-of-service/.

256606767v.1

>Tysons Corner, Virginia 22102
>
>(703) 226 3500
>
>legal@cvent.com

>To be effective, the notification must be in writing and contain the following information:
>
>- an electronic or physical signature of the person authorized to act on behalf of the owner of the copyright or other intellectual property interest;
>- a description of the copyrighted work or other intellectual property that you claim has been infringed;
>- a description of where the material that you claim is infringing is located on the Service, with enough detail that we may find it on the Service;
>- your address, telephone number, and email address;
>- a statement by you that you have a good faith belief that the disputed use is not authorized by the copyright or intellectual property owner, its agent, or the law;
>- a statement by you, made under penalty of perjury, that the above information in your Notice is accurate and that you are the copyright or intellectual property owner or authorized to act on the copyright or intellectual property owner's behalf.[2]

8.  CVENT also has at all times relevant to this Complaint had an "Active" DMCA Designated Agent with the US Copyright Office.[3]

9.  CVENT had no knowledge of infringement by the third-party user who posted the Work to the Wedding Spot website nor was it aware of any "red flags" making infringement apparent.

10. Specifically, did not post the Work to the Wedding Spot website, as it was posted by the user who created the venue known as "Lake Pavilion."  Moreover, as Plaintiff alleges, the copyright management information, was not included on the version of the Work that was uploaded to the Wedding Spot website.  Service Providers, like CVENT, are not required to

---

[2] See Section 4.4 Repeat Infringer Policy which can be found at https://www.wedding-spot.com/terms-of-service/.
[3] See DMCA Designated Agent Directory Search at https://dmca.copyright.gov/osp/search.html?key=cvent%2C+inc&action=search.

256606767v.1

determine whether content is infringing. See generally *Viacom Intern., Inc. v. YouTube, Inc.*, 676 F.3d 19 (2d Cir. 2012).

11. While Plaintiff alleges in its Complaint that is "notified CVENT in writing of such unauthorized use," CVENT only learned of such unauthorized use after the filing of the Complaint in this matter. Defendant then promptly removed the unauthorized content, under the "Right and Ability to Control" portion of § 512(c) and provided notice of the takedown.

12. Indeed, Plaintiff has not alleged that CVENT receives any "direct financial benefit," nor can it, since CVENT made no money on the Work directly since the third-party venue who uploaded the Work is a free user, that does not pay for its membership with the website.

## Second Affirmative Defense
## Plaintiff Failed to State a Cause of Action

13. Plaintiff failed to State a Cause of Action against Defendant for which relief can be granted.

14. Plaintiff's filed suit against CVENT, who after receiving such notice of the alleged infringing content, removed the alleged infringing photo from the Wedding Spot website.

15. Additionally, CVENT notified Plaintiff that it did not publish the Work, and therefore could not be responsible for "direct infringement."

16. A plaintiff must allege the following elements for a direct copyright infringement claim: "(1) ownership of a valid copyright; and (2) copying a constituent elements of the work that are original." *Latele Television C.A. v. Telemundo Commc'ns Grp., LLC*, No. 12-22539-CIV, 2013 WL 1296314, at *5 (S.D. Fla. Mar. 27, 2013) (citing *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994)).

17. As is stated above, CVENT did not publish the Work to Wedding Spot's website.

18. Furthermore, aside from attaching a copy of the Work into the text of its Complaint and showing a comparison against the alleged infringing photograph, Plaintiff has not alleged sufficient facts to show specifically that anyone had access to the copyrighted photographs. *Affordable Aerial Photography, Inc. v. Modern Living Real Estate, LLC*, 19-cv-80488-Bloom, (S.D. Fla. 2019) (citing *Peter Letterese & Assocs., Inc. v. World Institute of Scientology Enters.*, 533 F.3d 1287, 1301 (11th Cir. 2008)).

19. Therefore, Plaintiff fails to properly allege direct copyright infringement against CVENT.

20. Therefore, at best Plaintiff has to allege the elements necessary for secondary liability, which would require additional allegations not contained in its Complaint. This Court has held that

> An individual is liable for contributory infringement "by intentionally inducing or encouraging direct infringement," whereas one is liable for vicarious infringement "by profiting from direct infringement while declining to exercise a right to stop or limit it." Id. (citations omitted). In order to state a claim for vicarious copyright infringement, a plaintiff must allege (1) "the right and ability to supervise," and (2) "a direct financial interest" in the profits of the infringing activity.

*Affordable Aerial Photography, Inc. v. Modern Living Real Estate, LLC*, 19-cv-80488-Bloom, (S.D. Fla. 2019) (quoting *Klein & Heuchan, Inc. v. Costar Realty Info., Inc.*, 707 F. Supp. 2d 1287, 1297 (M.D. Fla. 2010)).

21. For the multiple reasons stated above, the Plaintiff fails to state a claim for which relief can be granted.

### Third Affirmative Defense
### Statute of Limitations

22. Plaintiff's claims are time barred, in whole or in part, by the applicable statute of limitations.

23. Plaintiff alleges that it discovered unauthorized use/display of the Work in April 2021.

24. However, Plaintiff has offered no allegations as to how it found the alleged infringing use.

25. However, it is believed that Plaintiff, who appears to sue on alleged infringement as part of its business model, likely had notice of alleged infringement of its copyrighted material prior to April 2021.

26. During discovery, Defendant intends to request documents of proof showing when and how the alleged infringing content was actually found.

**Fourth Affirmative Defense**
**Failure to Join an Indispensable Party**

27. Plaintiff alleges two Counts against CVENT, one for direct copyright infringement and one for Removal of Copyright Management Information.

28. However, CVENT did not publish the Work to Wedding Spot's website.

29. A third-party venue and user of Wedding Spot's website published the alleged infringing Work to Wedding Spot's website.

30. This information was previously provided to Plaintiff, who has decided not to amend its complaint despite being given such information.

31. To properly dispose of this matter, the third-party venue and user who published the infringing work must be joined.

32. Without joinder of the third-party venue and user, resolution of this claim could as a practical matter impair or impede the person's ability to protect the interest; or leave CVENT subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.  F. R. Civ. P. 19(a)(1)(B)

### Fifth Affirmative Defense
### Fair Use

33. Plaintiff's claims are barred, in whole or in part, by fair use.

### Sixth Affirmative Defense
### Failure to Mitigate Damages

34. Plaintiff's claims are barred, and or should be limited, in whole or in part due to Plaintiff's failure to mitigate its own damages.

### Sixth Affirmative Defense
### Failure to Mitigate Damages

35. Plaintiff's claims are barred because any infringement of the Work was innocent.

### Seventh Affirmative Defense
### Plaintiff Failed to Perfect Copyright Registration

36. Plaintiff's claims are barred because the Plaintiff has failed to provide proof of registrations.

37. Specifically, the alleged registration documents provided Plaintiff does not specifically evidence that this particular photo is covered. Indeed, the filing for registration included 122 photos published across a 12-month period covering all of 2010.

38. Other than Plaintiff's allegation, it has not provided proof that this photograph was properly and timely registered.

39. Furthermore, Plaintiff's claims are barred due to its failure to properly register is copyright generally and for group registration.

### Eighth Affirmative Defense
### Plaintiff's Damages are Limited to Three Years Prior to Filing

40. Plaintiff's damages claims are barred under *Petrella* to three years back from the time of filing, as is clearly stated in 17 U.S.C § 507(b). *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572, U.S. 663 (2014) (see also *Sohm v. Scholastic Inc.*, 959 F.3d (2d Cir. 2020)). In addition, as

is stated above, there is no direct benefit received by CVENT, since the third-party user that published the Work to Wedding Spot's website is a free user that does not pay for its membership.

**Demand for Jury Trial**

Defendant demands a trial by jury on all issued so triable.

Dated:  July 19, 2021

        WILSON, ELSER, MOSKOWITZ, EDELMAN
          & DICKER, LLP.

By:  */s/ Jura C. Zibas*
     Jura C. Zibas, Esq.
     Florida Bar No:  124571
     Anthony J. Badway, Esq.
     Florida Bar No:  115321
     Attorneys for Defendant
     CVENT, INC., d/b/a THE WEDDING SPOT
     2063 Main Street - Suite 100
     Sarasota, FL 34237
     Telephone:     941-866-8561
     Facsimile:      941-210-5979
     jura.zibas@wilsonelser.com
     anthony.badway@wilsonelser.com
     cheryl.kujawski@wilsonelser.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have electronically filed the foregoing with the Clerk of the Court by using the USDC E-Filing Portal which will send a notice of electronic filing this 19th day of July, 2021 to:  Daniel DeSouza, Esq., Florida Bar No:  19291; James D'Loughy, Esq., Florida Bar No:  0052700; Copycat Legal, PLLC., 3111 N. University Drive, Suite 301, Coral Springs, FL, 33065; Telephone:  (877) 437-6228; dan@copycatlegal.com and james@copycatlegal.com.

By:  */s/ Jura C. Zibas*
     Jura C. Zibas, Esq.